Case 1:18-cv-00195-TSK   Document 15   Filed 12/30/21   Page 1 of 3   PageID #: 511

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF WEST VIRGINIA

**Cheryl Dean Riley**  **OFFICE OF THE CLERK OF COURT**  **Michelle Widmer-Eby**
**Clerk of Court**  **POST OFFICE BOX 471**  **Chief Deputy Clerk**
**WHEELING, WEST VIRGINIA 26003**
**(304) 232-0011**
**Facsimile (304) 233-2185**

December 30, 2021

Via CM/ECF
United States of America
c/o Laura A. Thoms
Laura A. Thoms
US Dept of Justice - Environmental Enforcement Section
PO Box 7611
601 D Street, NW
Washington, DC 20044-7611
and
Helen Campbell Altmeyer
U.S. Attorney's Office - Whg
PO Box 591
Wheeling, WV 26003
and
Joshua Van Eaton
US Dept of Justice - Environmental Enforcement Section
PO Box 7611
Washington, DC 20044-7611

Via CM/ECF
State of West Virginia
c/o Charles Scott Driver, III
WV Dept. of Environmental Protection
Office of Legal Services
601 57th Street
Charleston, WV 25304

Via U.S. Mail
Exxon Mobil Corporation
c/o Steven M. Jawetz
Beveridge & Diamond, PC
1350 I Street NW, Suite 700
Washington, DC 20005

      Re:    United States of America v. Exxon Mobil Corporation
              Civil Action No. 1:18-cv-00195

Dear United States of America, State of West Virginia, and Exxon Mobil Corporation,

      I have been contacted by District Court Judge, Thomas S. Kleeh, who presided over the above-mentioned case. Judge Kleeh informed me that he has learned that while he presided over the case, his retirement fund contained stock in Exxon Mobil Corporation, a party to this litigation. This stock ownership neither affected nor impacted his decisions in this case, which was dismissed as part of a Consent Decree in favor of the United States entered on March 21, 2019. However, this stock ownership would have required recusal under the Code of Conduct for United States Judges, and thus, Judge Kleeh directed that I notify the parties of this conflict.

> Advisory Opinion 71, from the Judicial Conference Codes of Conduct Committee, provides the following guidance for addressing disqualification that is not discovered until after a judge has participated in a case:
>
> [A] judge should disclose to the parties the facts bearing on disqualification as soon as those facts are learned, even though that may occur after entry of the decision. The parties may then determine what relief they may seek and a court (without the disqualified judge) will decide the legal consequence, if any, arising from the participation of the disqualified judge in the entered decision.

      Although Advisory Opinion 71 contemplated disqualification after a Court of Appeals oral argument, the Committee explained "[s]imilar considerations would apply when a judgment was entered in a district court by a judge and it is later learned that the

500 West Pike Street, Room 301      P.O. Box 1518      217 W. King Street, Room 102
Clarksburg, WV 26302              Elkins, WV 26241       Martinsburg, WV 25401
(304) 622-8513                      (304) 636-1445          (304) 267-8225

judge was disqualified."   With Advisory Opinion 71 in mind, you are invited to respond to Judge Kleeh's disclosure of a conflict in this case.   Should you wish to respond, please submit your response in writing by filing it on the docket of this case on or before **January 14, 2022**.   Any response will be considered by another judge of this court without the participation of Judge Kleeh.

       Sincerely,

       *Cheryl Dean Riley*

       Cheryl Dean Riley,
       Clerk of Court